UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:24-CV-10039-LTS

NORTH END CHAMBER OF COMMERCE, *et al.*,

    Plaintiffs,

v.

CITY OF BOSTON,

    Defendant.

## DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Now comes the Defendant, City of Boston (the "City"), and hereby respectfully moves this Honorable Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' Second Amended Complaint against it. As grounds therefor, the City makes the following arguments.

Counts I and II, brought under the Equal Protection Clause, fail because the City's 2022, 2023, and 2024 outdoor dining programs treated all restaurants located within the North End the same and were rationally related to a legitimate government purpose. The Plaintiff Restaurants have not established that they are entitled to any heightened scrutiny; the City's classification of "North End restaurants" is not a suspect class. Under the rational basis test, the Plaintiff Restaurants fail to meet the threshold requirement of plausibly alleging that the North End is similarly situated to other neighborhoods for outdoor dining. Further, the City's policies were rationally related to the legitimate end of mitigating the negative impacts of outdoor dining as reported by the residents of the North End.

Counts III and IV, based on the Due Process Clause, fail because the Plaintiffs had no protected property interest in hosting outdoor dining in the public right of way; the City's policies were a legislative action to which no notice-and-hearing requirement attached; and the City's policies did not implicate a fundamental right, did not shock the conscience, and were rationally related to a legitimate government interest.

Count V, a declaratory judgment claim, fails to state a claim because it is wholly derivative of the Plaintiff Restaurants' other claims.

Count VI, which challenges the City's fees as contrary to state law regarding municipal powers, fails to state a claim because the fees imposed by the City were in exchange for a particularized benefit of exclusively obstructing and using the public way received by the Plaintiff Restaurants, were incurred voluntarily, and were to compensate for services rather than to raise revenue.

In addition, Plaintiff North End Chamber of Commerce has no associational standing to bring this action and should be dismissed if the case moves forward.

Finally, the Second Amended Complaint, which is 203 pages long and contains 742 separately numbered paragraphs, should be dismissed or struck for violating Fed. R. Civ. P. 8.

In further support of this Motion, the City respectfully refers the Court to its Memorandum of Law filed herewith.

WHEREFORE, the City respectfully requests that Plaintiffs' Second Amended Complaint against it be dismissed with prejudice.

| | |
|---|---|
| Date: April 5, 2024 | Respectfully submitted,<br><br>**DEFENDANT CITY OF BOSTON**<br><br>By its attorneys:<br><br>Adam Cederbaum<br>Corporation Counsel<br><br>*/s/ Samantha Fuchs*<br>Samantha H. Fuchs (BBO # 708216)<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>One City Hall Plaza, Room 615<br>Boston, MA 02201<br>(617) 635-4034<br>Samantha.Fuchs@boston.gov<br><br>Randall F. Maas (BBO # 684832)<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>One City Hall Plaza, Room 615<br>Boston, MA 02201<br>(617) 635-4042<br>randall.maas@boston.gov<br><br>Sam Dinning (BBO #704304)<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>One City Hall Plaza, Room 615<br>Boston, MA 02201<br>(617) 635-4034<br>samuel.dinning@boston.gov |

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that on March 29, 2024, I conferred with opposing counsel and attempted in good faith to resolve or narrow the issues presented in this motion.

                                                     */s/ Samantha Fuchs*
                                                    Samantha H. Fuchs

## **CERTIFICATE OF SERVICE**

I, Samantha Fuchs, hereby certify that on April 5, 2024, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Samantha Fuchs*
Samantha H. Fuchs